IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DALE POTTS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 18-0002-KD-MU |
| | ) |
| MOBILE COUNTY PUBLIC | ) |
| SCHOOL BOARD, *et al.,* | ) |
| | ) |
|   Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Dale Potts, proceeding *pro se*, filed the instant case seeking recovery for damages defendants allegedly caused him and his minor son. (Docs. 1, 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff has failed to prosecute this action by not complying with the Court's Order dated April 10, 2018, it is recommended that this action be dismissed without prejudice.

On January 3, 2018, Plaintiff Dale Potts filed a *pro se* Complaint alleging that the discriminatory actions and inactions of several defendants damaged him and his presumably minor son. (Doc. 1). The Court's initial review of the complaint revealed several deficiencies; therefore, on January 5, 2018, the Court ordered Plaintiff to refile his complaint to cure the deficiencies. (Doc. 3). On January 10, 2018, Plaintiff refiled his complaint in accordance with that order. (Doc. 4). His amended complaint, however, was also deficient in many respects. Because of his *pro se* status, the Court allowed him a third opportunity to file a

viable complaint. Plaintiff was ordered to refile his complaint, with specific instructions as to how to cure the deficiencies, on or before April 26, 2018. Plaintiff was warned that failure to comply with the Court's order on or before April 26, 2018 would result in a recommendation that his action be dismissed for failure to prosecute and follow the Court's order. (Doc. 6 at p. 3). Plaintiff has failed to re-file his complaint.

In the complaint he filed on January 10, 2018, Plaintiff attempted to assert claims on behalf of his minor son. While Plaintiff is well within his rights to represent himself in this litigation, as he was advised by the Court in its April 10, 2018 order, he cannot represent his minor son. *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008); *Devine v. Indian River Co. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma Sch. Dist.*, 550 U.S. 516 (2007); *see also Mack v. Delta Air Lines, Inc.*, Civ. A. File No. 1:13-cv-01162-SCJ-AJB, 2014 WL 12629940, *12 (N.D. Ga. Jan. 16, 2014) (holding that "although Rule 17(c) of the Federal Rules of Civil Procedure allows a guardian to bring or defend a suit on behalf of a minor, a parent may not proceed without a lawyer on her child's behalf, even as her legal guardian"); *Williams v. Monroe Co. Bd. of Educ.,* Civ. A. No. 07-0561-CG-B, 2009 WL 1767658, *4 (S.D. Ala. June 23, 2009) (holding that "parents who are not attorneys may not bring a *pro se* action on their child's behalf"). Plaintiff has not alleged that he is an attorney; therefore, he cannot bring claims on behalf of his minor son.

The only claim Plaintiff has asserted on his own behalf is his vague allegation that the Mobile County Board of Education, Martha Peek, and/or Mr. Gatewood threatened him in some way and/or called DHR regarding him, thereby violating his constitutional rights and causing him to have a seizure. (Doc. 4 at pp. 1-2). While it is certainly questionable whether Plaintiff can assert a viable federal claim against these defendants on his own behalf, the Court, taking into account his *pro se* status, allowed him a third opportunity to set forth facts in support of his complaint and to clarify his own claims against these defendants. Plaintiff did not do so. As the complaint currently stands, it does not set forth sufficient facts and/or claims to meet even the liberal pleading standards accorded to *pro se* plaintiffs.

Because of Plaintiff's failure to set forth any claim upon which relief may be granted in the complaints he has filed, his failure to comply with the Court's April 10, 2018 order, and his failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **recommended** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **May, 2018**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**